# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK STEWART** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-286-SMY-RJD |
| | ) |
| **ELITE IMAGING,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Derek Stewart filed this *pro se* action asserting healthcare fraud and seeking monetary relief against Defendant Elite Imaging (*see* Doc. 2). This matter is now before the Court for consideration of Stewart's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3). For the following reasons, the Motion is **DENIED**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts and applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Stewart states that he is currently incarcerated at the St. Clair County Jail. However, the Court is unable to verify his indigent status because he has failed to provide any information regarding his income or a copy of his prisoner trust account.

Even if Stewart's indigent status was verified, the Court's inquiry would not end there because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court can dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In conducting the § 1915(e)(2) screening, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> Under Rule 8 of the Federal Rules of Civil Procedure, a Complaint must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Like his IFP Motion, Stewart's Complaint is devoid of any details from which the Court can determine whether he has a potentially meritorious claim. Stewart asserts that he is seeking $18 million dollars in damages for "healthcare fraud" against Elite Imaging but both the Statement of Claim and Relief sections of the form Complaint are blank. Further, his basis for federal

question jurisdiction – healthcare fraud – is insufficient. As a result, the Complaint fails to satisfy the pleading requirements of Rule 8, and therefore fails to state a claim for which relief may be granted.

For the foregoing reasons, Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) is **DENIED without prejudice** and the Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's pending motions for recruitment of counsel (Doc. 4) and service of process at the Government's expense (Doc. 5) are **DENIED** as **MOOT**.

Plaintiff may file an amended complaint which remedies the deficiencies identified above, including identifying the basis for this Court's jurisdiction, a short statement of the claim, and the relief Plaintiff seeks from this Court. **The amended complaint must be filed by May 3, 2019, and Plaintiff may refile a motion to proceed in forma pauperis at that time. Plaintiff is advised that should he fail to file an amended complaint by May 3, 2019, this case will be dismissed with prejudice.**

      **IT IS SO ORDERED.**
      **DATED: April 4, 2019**

      **STACI M. YANDLE**
      **United States District Judge**