# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK STEWART** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-286-SMY |
| | ) |
| **ELITE IMAGING,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Derek Stewart originally filed this *pro se* action asserting healthcare fraud and seeking monetary relief against Defendant Elite Imaging (Doc. 2). This Court dismissed Stewart's Complaint without prejudice for failing to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure (*see* Doc. 7). Stewart was granted leave to amend his Complaint to address the deficiencies in his original Complaint. Stewart filed an Amended Complaint raising claims for medical malpractice, healthcare fraud, and double billing (Doc. 8). This case is now before the Court for consideration of Stewart's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 9). For the following reasons, the Motion is **DENIED**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts and applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Stewart states that he is currently incarcerated at the St. Clair County Jail. Once again, however, the Court is unable to verify his indigent status because he has failed to provide any information regarding his income or a copy of his prisoner trust account.

Even if Stewart's indigent status was verified, the Court's inquiry would not end there because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court can dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In conducting the § 1915(e)(2) screening, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, under Rule 8 of the Federal Rules of Civil Procedure, a Complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

A review of Stewart's Amended Complaint fails to reveal a claim for which relief may be granted by a federal court. Stewart's Amended Complaint does not address the deficiencies identified in this Court's previous Order. Once again, his basis for federal question jurisdiction – medical malpractice, healthcare fraud and double billing – are insufficient. And, the Court cannot discern a basis for federal question jurisdiction from his statement of the claim. Stewart alleges "false MRI wrong time with no reports. The M.D.s signed of [sic] on the results wasn't my refferd [sic] doctor. My refferd [sic] doctor never signed off on the MRI as shown." As such, the Amended Complaint fails to satisfy the pleading requirements of Rule 8, and therefore fails to state a claim for which relief may be granted. *See Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999).

For the foregoing reasons, Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 9) is **DENIED** and the Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:** April 7, 2020

**STACI M. YANDLE**
**United States District Judge**